UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY LEWIS, et al.,

        Plaintiffs,

                                   File No.  1:11-CV-874

v.

                                   HON. ROBERT HOLMES BELL

CAPFINANCIAL III, LLC, d/b/a PRINS
FINANCIAL,

        Defendant.

_____/

## O P I N I O N

This lender liability action is before the Court on Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' complaint for failure to state a claim on which relief may be granted.  (Dkt. No. 6.)  Plaintiffs have also filed an emergency motion to halt foreclosure proceedings.   (Dkt. No. 8.)  For the reasons that follow, Defendant's motion to dismiss will be granted, and Plaintiffs' emergency motion will be denied as moot.

### I.

Plaintiffs Gary Lewis, Diane Lewis, and West Michigan Power & Equipment, Inc. ("WMPE") filed this action against Defendant CapFinancial III, d/b/a Prins Financial ("CapFinancial"), alleging fraud and unjust enrichment.  Plaintiffs allege that CapFinancial purchased Plaintiffs' debt obligations to Fifth Third Bank (the "Notes") at a discounted price

based on CapFinancial's knowledge that Fifth Third Bank had engaged in fraudulent activity with regard to the debt. (Compl. ¶ 9.) Plaintiffs further allege that CapFinancial has already received more than $325,000.00 from Plaintiffs and that it is continuing its collection efforts through foreclosure proceedings. (Compl. ¶ 10).

Plaintiffs have incorporated by reference a parallel action they previously filed against Fifth Third Bank ("Fifth Third"). *Lewis v. Fifth Third Bank*, No. 1:10-CV-642 (W.D. Mich.) (Neff, J.) (*Lewis I*). In *Lewis I*, Plaintiffs alleged that they entered into loan agreements with Fifth Third which were secured by corporate assets, real estate mortgages, and personal guarantees of the individual plaintiffs. Plaintiffs further alleged that the loan agreements were based on forged documentation prepared by Fifth Third loan officer Case E. McCalla that overstated the value of Plaintiffs' collateral. Plaintiffs alleged that Fifth Third's conduct ultimately resulted in Plaintiffs' financial ruin. Plaintiffs' complaint included claims of promissory estoppel, breach of contract, unlawful interference with business opportunities, unjust enrichment, fraudulent misrepresentation, and negligent misrepresentation. Plaintiffs' action against Fifth Third was dismissed pursuant to Rule 12(b)(6) because Plaintiffs' claims were barred by a Release Agreement dated November 4, 2004, and a Forbearance Agreement dated February 9, 2006. *Id.* (Dkt. No. 51 Op. & Order.)

Defendant moves for dismissal of Plaintiffs' claims because they are barred by res judicata and by a 2008 release included in the Forbearance Agreement between the Plaintiffs and CapFinancial.

2

## II.

A court may not consider matters outside the pleadings in analyzing a complaint under Rule 12(b)(6).  However, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Fed. R. Civ. P. 10(c).  Moreover, the Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Weiner v. Klais and Co., Inc*., 108  F.3d 86, 89 (6th Cir. 1997)).

To the extent a Rule 12(b)(6) motion includes matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Defendants have attached a forbearance document to their motion that was not specifically referenced in Plaintiffs' complaint.  Plaintiffs have responded to Defendant's motion with affidavits.  The Court will accordingly treat Defendant's motion as a motion for summary judgment under Rule 56.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith*

3

*Radio Corp.*, 475 U.S. 574, 587 (1986).  If Defendant carries its burden of showing there is an absence of evidence to support a claim, Plaintiffs must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party.  *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587).  Nevertheless, the mere existence of a scintilla of evidence in support of  Plaintiffs' position is not sufficient to create a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiffs.  *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Defendant has presented evidence that in 2003 and 2004, Plaintiff WMPE delivered five promissory notes to Fifth Third (the "Notes"), representing a total indebtedness of $2,366,609.22.  The Notes were secured with personal guarantees from the Lewises and by mortgages on property owned by WMPE and by the Lewises.

On November 4, 2004, Plaintiffs executed  a "Full Comprehensive Release Agreement" by which they released Fifth Third, as well as its successors and assigns, of all claims which they "now have or which may hereafter accrue" with respect to the loans.

(Dkt. No. 6, Ex. A.)  On February 9, 2006, Plaintiffs signed a "Forbearance Agreement" in which they acknowledged and reaffirmed the Release.  (Dkt. No. 6, Ex. B.)

The Loan documents were subsequently assigned to CapFinancial.  On July 1, 2008, Plaintiffs entered into a Forbearance Agreement in which Plaintiffs reaffirmed the indebtedness represented by the Notes, reaffirmed the loan documents relating to the Notes, and acknowledged Fifth Third Bank's assignment of the entirety of the Loans, including the Notes, 2006 Forbearance Agreement, and Guaranties to CapFinancial. (Dkt. No. 6, Ex. C.) The 2008 Forbearance Agreement contains an express release:

> **8.  Release.** The Debtors hereby release and forever discharge the Lender . . . of and from any and all existing or future claims, demands, obligations, interests, suits, actions or causes of action, at law or in equity, whether arising by contract, statute, common law or otherwise, both direct and indirect, known or unknown, of whatsoever kind or nature, arising out of or by reason of or in connection with the Loan Documents, this Agreement or any acts, omissions, or conduct occurring on or before the date hereof.

(*Id.* at ¶ 8.)

Plaintiffs filed *Lewis I*, their action against Fifth Third Bank, in 2010, alleging fraud and unjust enrichment stemming from the conduct of Fifth Third's loan officer, McCalla. *Lewis I*, 1:10-CV-.  The Court dismissed the action because it was barred by the 2004 Release and the 2006 Forbearance Agreement.

Defendant contends that Plaintiffs' claims in the current action are barred by the res judicata effect of *Lewis I*, and by the release included in the 2008 Forbearance Agreement.

In response to Defendant's motion, Plaintiffs have submitted the affidavits of Plaintiff Gary Lewis, Plaintiff Diane Lewis, and James Jarvis, who all state that they had no

knowledge of the criminal fraud, perjury and forgery perpetrated by Fifth Third loan officer McCalla until he entered his guilty plea in June 2010. Plaintiffs contend that res judicata does not apply and that the release in the 2008 Forbearance Agreement does not bar this action because they did not know the facts which supported the lender liability claims alleged in their complaint until 2010.

Plaintiffs argument was already considered and rejected by the Court in *Lewis I*. In *Lewis I*, Plaintiffs claimed that their action was not barred by the 2004 Release or the 2006 Forbearance Agreement because they lacked knowledge of the fraud perpetuated through McCalla until 2010. The Court rejected Plaintiffs' argument because, even if the 2004 Release was solicited without disclosure of McCalla's fraud, Plaintiffs were at least on inquiry notice of McCalla's misconduct before they signed the 2006 Forbearance Agreement, as evidenced by the September 27, 2005, letter from their attorney. The Court stated:

> Having chosen the Forbearance Agreement over further inquiry, Plaintiffs reaffirmed the Release and disavowed any claim of duress. Taking the factual allegations of fraud as true for purposes of the motion to dismiss, they do not state any claim that would allow Plaintiffs to avoid the terms of the Forbearance Agreement and reaffirmed Release. The claims raised in Plaintiffs' First Amended Complaint are thus barred by the clear and unambiguous intent expressed by terms of these contracts, and must be dismissed.

*Lewis I*, 08/26/2011 Op. and Order 7-8.

Defendant contends that because the Court found in *Lewis I* that Plaintiffs were on inquiry notice of McCalla's misconduct before they signed the 2006 Forbearance Agreement, Plaintiffs are precluded from contesting the same issue in this case.

6

The doctrine of res judicata includes two preclusion concepts: issue preclusion and claim preclusion. *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). "Issue preclusion, or collateral estoppel, bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009). Claim preclusion, or res judicata, provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.* 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States* (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997)).

For issue preclusion, the following requirements must be met:

(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Cobbins*. 566 F.3d at 589–90 (emphasis removed). For claim preclusion, the following requirements must be met:

(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id.* A "privy" is "a successor in interest to the party, one who controlled the earlier action,

or one whose interests were adequately represented." *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir.1992)).

The preclusive effect of *Lewis I* is best understood as issue preclusion. Fifth Third, the defendant in *Lewis I*, moved for dismissal based on the 2004 Release and the 2006 Forbearance Agreement that reaffirmed the 2004 Release. Plaintiffs opposed the motion based upon their contention that they did not know about McCalla's fraud when they signed the release and Forbearance Agreement. Accordingly, the issue of when Plaintiffs had knowledge of McCalla's misconduct and possible lender liability claims was raised and actually litigated in *Lewis I*. The issue was necessary to the outcome, a final judgment was entered, and Plaintiffs had a full and fair opportunity to litigate the issue. The Court determined in *Lewis I* that Plaintiffs were on inquiry notice of McCalla's misconduct before they signed the 2006 Forbearance Agreement. In light of *Lewis I*, Plaintiffs are collaterally estopped from relitigating the issue of when they were on inquiry notice of McCalla's misconduct and the existence of possible lender liability claims. Because it has already been determined that Plaintiffs were on inquiry notice of McCalla's misconduct and the possible lender liability claims in 2006, they were also on inquiry notice before they signed the 2008 Forbearance Agreement. Moreover, even if Plaintiffs could relitigate the issue, their evidence that they did not know until 2010 that McCalla had engaged in *criminal* activity, does not create an issue of fact as to when they were placed on inquiry notice of their

potential lender liability claims.  The evidence Plaintiffs have presented in this case does not create a material issue of fact regarding the validity of the 2008 Forbearance Agreement or the broad release of claims against CapFinanacial that was incorporated in that Forbearance Agreement.

The Court finds, as a matter of law, that Defendant is entitled to summary judgment on Plaintiffs' claims in this case.

## IV.

In light of the Court's determination that Defendant is entitled to summary judgment, Plaintiffs' emergency motion to halt foreclosure proceedings must be denied as moot.

An order and judgment consistent with this opinion will be entered.


Dated: February 10, 2012                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE